BARRY J. PORTMAN
Federal Public Defender
GEOFFREY A. HANSEN
Chief Assistant Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant TORRES-PAVON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07 - 697 CRB |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | |
| JOSE DAVID TORRES-PAVON, | |
| Defendant. | |

The defendant has received and reviewed the Probation Report in this matter as well as the Government's sentencing memorandum. The defendant respectfully asks that pursuant to the factors set forth in 18 U.S.C. § 3553(a), the Court sentence Mr. Torres-Pavon to 30 months in custody. He makes this request for the following reasons.

The facts relating to Mr. Torres-Pavon's background and criminal history are clearly and completely set forth in the Presentence Report. Essentially, Mr. Torres-Pavon is a poor manual laborer who started working in the fields when he was eight years old, and who has struggled his entire life to survive. He first came to this country when he was 19, and has held menial jobs both here and in his home country of Honduras. He suffers from stomach ulers, and has a cyst in

SENTENCING MEMO                              1

1  his nasal passage which gives him constant headaches and oftentimes prevents him from even
2  being able to sleep.
3        The most striking aspect of Mr. Torres-Pavon's case is his limited, old and totally non-
4  violent criminal history. His first conviction was 15 years ago for simple drug possession, for
5  which he received 6 months in county jail. Two years later, he was convicted of misdemeanor
6  "accessory" due to the fact that he had one rock of cocaine in his pocket. That same year, he was
7  convicted of possession for sale, and got 16 months state prison. He served a little less than a
8  year, and in 1996 – 12 years ago – he received his last drug conviction – a possession for sale
9  charge arising from the sale of one rock of cocaine. He was then convicted in 1997 for illegal
10 reentry, and received a 24 month sentence.
11       Had Mr. Torres-Pavon not received this last conviction for illegal reentry, he would have
12 clearly been eligible for the "fast track" program in this district. The issue presented by this case
13 is whether, because of the Government's arbitrary decision to deny him a fast track offer, he
14 should receive the incredibly high sentence of 77 months as recommended by the Government, or
15 even the 65 month sentence thoughtfully recommended by the Probation Officer.
16       Neither sentence reflects the purposes and goals of 18 U.S.C.§ 3553(a). When one
17 considers the nature and circumstances of Mr. Torres-Pavon's background, all one sees is a poor,
18 hardworking man who has fended for himself since the age of nine. Mr. Torres-Pavon comes
19 back to this country to work and survive economically, and since 1996 has not violated this
20 country's drug laws as he did when he was younger. Just as importantly, even when he did
21 engage in criminal activities, his acts were relatively minor and never involved violence against
22 others.
23       How the goals of imposing an adequate but not overly harsh sentence will be satisfied by
24 putting Mr. Torres-Pavon in jail for 77 months is hard to imagine in this case. This Court knows
25 from having handled scores if not hundreds of illegal reentry cases that there is absolutely no
26 consistency or uniformity to the sentences which various defendants receive. Certainly,

1  defendants who have much more serious criminal histories have received 30 months, or even less
2  time, than the sentence which Mr. Torres-Pavon faces.  Mr. Torres-Pavon's criminal history is
3  minor, and hardly reflects the kind of person who needs to be jailed for over 6 years for simply
4  coming back to this country to try to make a decent living.
5        Counsel understands that 11 years ago Mr. Torres-Pavon received 24 months for illegally
6  coming into this country, and that some incrementally higher sentence arguably should be
7  imposed here.[1]  But the goals of imposing an adequate but not overly severe sentence can
8  certainly be realized if this Court imposes a 30 month sentence.  Such a sentence is consistent
9  with the old "fast track" sentences which were, up until fairly recently, certainly considered fair
10 and just in cases just like Mr. Torre-Pavon's.  No higher sentence is indicated here.
11       For all of these reason, the defendant respectfully asks that the Court impose a
12 sentence of 30 months, to be followed by a term of supervised release with conditions
13 recommended by the Probation Officer in her excellent report.
14 Dated: February 13, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s/

GEOFFREY A. HANSEN
Chief Assistant Federal Public Defender

---

[1] Counsel wonders whether even that concession is necessary, considering the completely arbitrary nature of the guidelines; why 24 months was appropriate the last time Mr. Torres-Pavon was convicted is open to argument.

SENTENCING MEMO      3